1  KAREN P. HEWITT
   United States Attorney
2  WILLIAM A. HALL, JR.
   Assistant U.S. Attorney
3  California State Bar No. 253403
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7046/(619) 235-2757 (Fax)
   Email: william.a.hall@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,         )  Criminal Case No. 08CR0297-BTM
                                     )
11                                   )  DATE:   March 7, 2008
                         Plaintiff,  )  TIME:   2:00 p.m.
12                                   )  Before Honorable Barry Ted Moskowitz
             v.                      )
13                                   )
   AURELIANO ZAPATA-LOPEZ,           )  UNITED STATES' STATEMENT OF
14                                   )  FACTS AND MEMORANDUM OF
                         Defendant(s).)  POINTS AND AUTHORITIES
15 _____)

16                                  **I**

17                        **STATEMENT OF THE CASE**

18     The Defendant, Aureliano Zapata-Lopez (hereinafter "Defendant"), was charged by a grand

19 jury on February 6, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), deported alien found in the

20 United States. Defendant was arraigned on the Indictment on February 7, 2006, and entered a plea

21 of not guilty.

22                                  **II**

23                         **STATEMENT OF FACTS**

24     Defendant was apprehended on January 7, 2008, by a Border Patrol Agent ("BPA") in an

25 area nicknamed "Whiskey 3 1/2" located approximately one mile west of the San Ysidro,

26 California port of entry and twenty yards north of the international border. There, at approximately

27

28                                   2

1  2:20 a.m. that day, a BPA responded to a report of a group of individuals climbing the primary
2  international boundary fence. Upon arrival, the BPA observed a group of three individuals lying
3  against the fence. The BPA approached the group, identified himself, and individually questioned
4  the three individuals, one of which was Defendant, concerning their citizenship. There, Defendant
5  admitted that he was a citizen of Mexico with no documents entitling him to enter or remain in the
6  United States.

7  Defendant was transported to the Brown Field Border Patrol Station's processing center.
8  At the center, BPAs used Defendant's fingerprints to perform a computerized check of Defendant's
9  criminal and immigration history.

10  **B.  DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

11  Preliminary criminal history reports show that Defendant has felony convictions in
12  California. Defendant was convicted in 1999 in San Jose of Sexual Battery, in violation of Cal.
13  PC § 243.4(D); he was sentenced to 180 days' incarceration. Defendant was convicted later in
14  1999 in San Jose of Assault with a Deadly Weapon, in violation of Cal. PC § 245(A)(1); he was
15  initially sentenced to 245 days' incarceration, and later sentenced to two years' incarceration on
16  a probation violation. Defendant was convicted in 2000 in Santa Clara of Battery, in violation of
17  Cal. PC §§ 242 and 243; he was sentenced to two years of probation. He was convicted in 2002
18  in Sunnyvale of Infliction of Corporal Injury on a Spouse, in violation of Cal. PC § 273.5(A); he
19  was sentenced to 6 months' imprisonment. Finally, in 2004, Defendant was convicted in San Jose
20  of Assault to Commit Rape, in violation of Cal. PC § 220; he was sentenced to four years'
21  imprisonment.

22  Defendant's was last removed to Mexico on January 3, 2008.
23  //
24  //
25  //
26  //
27
28                                                                3                                08CR0297-BTM

## III

## UNITED STATES' MOTIONS

**A.    FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

**B.    RECIPROCAL DISCOVERY**

To date, the United States has provided Defendant with 74 pages of discovery, including reports of his arrest, his rap sheet, and copies of immigration and conviction documents, and one DVD. The United States also agrees to schedule an A-file viewing at a time that is mutually convenient for defense counsel and the United States' case agent. The government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

//
//
//
//
//

| | |
|---|---|
| 1 | **IV** |
| 2 | **CONCLUSION** |
| 3 | For the foregoing reasons, the government respectfully requests that its motions be granted. |
| 4 | |
| 5 | DATED: February 22, 2008. |
| 6 | Respectfully submitted, |
| 7 | KAREN P. HEWITT<br>United States Attorney |
| 8 | |
| 9 | s/ William A. Hall, Jr.<br>WILLIAM A. HALL, JR. |
| 10 | Assistant United States Attorney |

5                                              08CR0297-BTM