KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0297-BTM |
| Plaintiff, | DATE:        March 7, 2008<br>TIME:        2:00 p.m.<br>Before Honorable Barry Ted Moskowitz |
| v. | |
| AURELIANO ZAPATA-LOPEZ, | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant(s). | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Aureliano Zapata-Lopez (hereinafter "Defendant"), was charged by a grand jury on February 6, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), deported alien found in the United States. Defendant was arraigned on the Indictment on February 7, 2006, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on January 7, 2008, by a Border Patrol Agent ("BPA") in an area nicknamed "Whiskey 3 1/2" located approximately one mile west of the San Ysidro, California port of entry and twenty yards north of the international border. There, at approximately

3

2:20 a.m. that day, a BPA responded to a report of a group of individuals climbing the primary international boundary fence. Upon arrival, the BPA observed a group of three individuals lying against the fence. The BPA approached the group, identified himself, and individually questioned the three individuals, one of which was Defendant, concerning their citizenship. There, Defendant admitted that he was a citizen of Mexico with no documents entitling him to enter or remain in the United States.

Defendant was transported to the Brown Field Border Patrol Station's processing center. At the center, BPAs used Defendant's fingerprints to perform a computerized check of Defendant's criminal and immigration history.

**B.**    **DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

Preliminary criminal history reports show that Defendant has felony convictions in California. Defendant was convicted in 1999 in San Jose of Sexual Battery, in violation of Cal. PC § 243.4(D); he was sentenced to 180 days' incarceration. Defendant was convicted later in 1999 in San Jose of Assault with a Deadly Weapon, in violation of Cal. PC § 245(A)(1); he was initially sentenced to 245 days' incarceration, and later sentenced to two years' incarceration on a probation violation. Defendant was convicted in 2000 in Santa Clara of Battery, in violation of Cal. PC §§ 242 and 243; he was sentenced to two years of probation. He was convicted in 2002 in Sunnyvale of Infliction of Corporal Injury on a Spouse, in violation of Cal. PC § 273.5(A); he was sentenced to 6 months' imprisonment. Finally, in 2004, Defendant was convicted in San Jose of Assault to Commit Rape, in violation of Cal. PC § 220; he was sentenced to four years' imprisonment.

Defendant's was last removed to Mexico on January 3, 2008.

//

//

//

//

4                    08CR0297-BTM

### III

### RESPONSE TO DEFENDANT'S MOTIONS

**A.    DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

**1.    The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

**a.    The Government Will Comply With Rule 16(a)(1)(D)**

Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

**b.    The Government Will Comply With Rule 16(a)(1)(E)**

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available.

1    Counsel should contact the Assistant United States Attorney assigned to the case two weeks before

2    the scheduled trial date and the Assistant will make arrangements with the case agent for counsel

3    to view all evidence within the government's possession.

4              c.        The Government Will Comply With Rule 16(a)(1)(F)

5              The government will permit Defendant to inspect and copy or photograph any results or

6    reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof,

7    that are within the possession of the government, and by the exercise of due diligence may become

8    known to the attorney for the government and are material to the preparation of the defense or are

9    intended for use by the government as evidence-in-chief at the trial.  Counsel for Defendant should

10   contact the Assistant United States Attorney assigned to the case and the Assistant will make

11   arrangements with the case agent for counsel to view all evidence within the government's

12   possession.

13
              d.        The Government Will Comply With Its Obligations Under Brady v.
14                      Maryland

15             The government is well aware of and will fully perform its duty under Brady v. Maryland,

16   373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory

17   evidence within its possession that is material to the issue of guilt or punishment.  Defendant,

18   however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to

19   the accused, or that pertains to the credibility of the government's case.  As stated in United States

20   v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

21             [T]he prosecution does not have a constitutional duty to disclose every bit of
               information that might affect the jury's decision; it need only disclose information
22             favorable to the defense that meets the appropriate standard of materiality.

23   611 F.2d at 774-775 (citations omitted).  See also United States v. Sukumolachan, 610 F.2d 685,

24   687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not

25   exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any

26   pretrial privileges not contained in the Federal Rules of Criminal Procedure).

27

28                                          6                      08CR0297-BTM

1            e.        Discovery Regarding Government Witnesses

2            (1)       Agreements.   The government has disclosed or will disclose the

3 terms of any agreements by Government agents, employees, or attorneys with witnesses that testify

4 at trial. Such information will be provided at or before the time of the filing of the Government's

5 trial memorandum.[1] The government will comply with its obligations to disclose impeachment

6 evidence under Giglio v. United States, 405 U.S. 150 (1972).

7            (2)       Bias or Prejudice.   The government has provided or will provide

8 information related to the bias, prejudice or other motivation to lie of government trial witnesses

9 as required in Napue v. Illinois, 360 U.S. 264 (1959).

10            (3)       Criminal Convictions.   The government has produced or will

11 produce any criminal convictions of government witnesses plus any *material* criminal acts which

12 did not result in conviction. The government is not aware that any prospective witness is under

13 criminal investigation.

14            (4)       Ability to Perceive.   The government has produced or will produce

15 any evidence that the ability of a government trial witness to perceive, communicate or tell the

16 truth is impaired or that such witnesses have ever used narcotics or other controlled substances,

17 or are alcoholics.

18            (5)       Witness List. The government will endeavor to provide Defendant

19 with a list of all witnesses which it intends to call in its case-in-chief at the time the government's

20 trial memorandum is filed, although delivery of such a list is not required. See United States v.

21 Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986);

22 United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to

23 the production of addresses or phone numbers of possible government witnesses. See United

---

[1]     As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1   States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974).

2   Defendant has already received access to the names of potential witnesses in this case in the

3   investigative reports previously provided to him or her.

4         (6)    Witnesses Not to Be Called.  The government is not required to

5   disclose all evidence it has or to make an accounting to Defendant of the investigative work it has

6   performed.  Moore v. Illinois, 408 U.S. 786, 795 (1972); see  United States v. Gardner, 611 F.2d

7   770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by Defendant

8   for discovery concerning any individuals whom the government does not intend to call as

9   witnesses.

10         (7)    Favorable Statements.  The government has disclosed or will

11   disclose the names of witnesses, if any, who have made favorable statements concerning Defendant

12   which meet the requirements of Brady.

13         (8)    Review of Personnel Files.  The government has requested or will

14   request a review of the personnel files of all federal law enforcement individuals who will be called

15   as witnesses in this case for Brady material.  The government will request that counsel for the

16   appropriate federal law enforcement agency conduct such review.  United States v. Herring, 83

17   F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir.

18   1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

19   Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v.

20   Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable

21   to the defense that meets the appropriate standard of materiality . . ." United States v. Cadet, 727

22   F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of

23   the information within its possession in such personnel files, the information will be submitted to

24   the Court for in camera inspection and review.

25         (9)    Government Witness Statements. Production of witness statements

26   is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies

27

28                         8          08CR0297-BTM

1   on direct examination. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States</u>

2   <u>v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and

3   therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject

4   to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under

5   the Act.  <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556-57 (9th Cir. 1979).

6          The government reserves the right to withhold the statements of any particular witnesses

7   it deems necessary until after the witness testifies.  Otherwise, the government will disclose the

8   statements of witnesses at the time of the filing of the government's trial memorandum, provided

9   that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal

10  Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse

11  <u>Jencks</u>" statements at that time.

12
              f.      The Government Objects To The Full Production Of Agents' Handwritten
13                    Notes At This Time

14         Although the government has no objection to the preservation of agents' handwritten notes,

15  it objects to requests for full production for immediate examination and inspection.  If certain

16  rough notes become relevant during any evidentiary proceeding, those notes will be made

17  available.

18         Prior production of these notes is not necessary because they are not "statements" within

19  the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a

20  witness' assertions *and* they have been approved or adopted by the witness.  <u>United States v.</u>

21  <u>Spencer</u>, 618 F.2d 605, 606-607 (9th Cir. 1980); <u>see</u> <u>also</u> <u>United States v. Griffin</u>,  659 F.2d 932,

22  936-938 (9th Cir. 1981).

23            g.      <u>All Investigatory Notes and Arrest Reports</u>

24         The government objects to any request for production of all arrest reports, investigator's

25  notes, memos from arresting officers, and prosecution reports pertaining to Defendant.  Such

26  reports, except to the extent that they include <u>Brady</u> material or the statements of Defendant, are

27

28                                   9                        08CR0297-BTM

1    protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in

2    connection with the investigation or prosecution of the case."

3        Although agents' reports may have already been produced to the defense, the government

4    is not required to produce such reports, except to the extent they contain <u>Brady</u> or other such

5    material.  Furthermore, the government is not required to disclose all evidence it has or to render

6    an accounting to Defendant of the investigative work it has performed.  <u>Moore v. Illinois</u>, 408 U.S.

7    786, 795 (1972); <u>see</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th Cir. 1980).

8                    h.    <u>Expert Witnesses</u>.

9        Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial

10   memorandum, the government will provide the defense with notice of any expert witnesses the

11   testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of

12   Evidence in its case-in-chief.  Such notice will describe the witnesses' opinions, the bases and the

13   reasons therefor, and the witnesses' qualifications.  Reciprocally, the government requests that the

14   defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

15                   i.    <u>Information Which May Result in Lower Sentence</u>.

16       Defendant has claimed or may claim that the government must disclose information about

17   any cooperation or any attempted cooperation with the government as well as any other

18   information affecting Defendant's sentencing guidelines because such information is discoverable

19   under <u>Brady v. Maryland</u>.  The government respectfully contends that it has no such disclosure

20   obligations under <u>Brady</u>.

21       The government is not obliged under <u>Brady</u> to furnish a defendant with information which

22   he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>,

23   479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977).  <u>Brady</u> is a rule

24   of disclosure.  There can be no violation of <u>Brady</u> if the evidence is already known to Defendant.

25       Assuming that Defendant did not already possess the information about factors which

26   might affect their respective guideline range, the government would not be required to provide

27

28                            10                08CR0297-BTM

1     information bearing on Defendant's mitigation of punishment until after Defendant's conviction

2     or plea of guilty and prior to his sentencing date.  "No [Brady] violation occurs if the evidence is

3     disclosed to the defendant at a time when the disclosure remains of value."  United States v.

4     Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

5     **B.**     **NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

6          The United States does not object to the granting of leave to allow Defendant to file further

7     motions, as long as the order applies equally to both parties and additional motions are based on

8     newly discovered evidence or discovery provided by the United States subsequent to the instant

9     motion at issue.

10             **IV**

11           **CONCLUSION**

12          For the foregoing reasons, the government respectfully requests that Defendant's motions,

13     except where not opposed, be denied.

14

15          DATED: February 29, 2008.

16                    Respectfully submitted,

17                    KAREN P. HEWITT
                       United States Attorney

18

19                    s/ William A. Hall, Jr.
                       WILLIAM A. HALL, JR.

20                    Assistant United States Attorney

21

22

23

24

25

26

27

28                11             08CR0297-BTM