| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | WILLIAM A. HALL, JR. |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 253403 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7046/(619) 235-2757 (Fax) |
|   | Email: william.a.hall@usdoj.gov |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0297-BTM |
|---|---|---|
| | ) | |
| Plaintiff, | ) | DATE: June 6, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | Before Honorable Barry Ted Moskowitz |
| | ) | |
| AURELIANO ZAPATA-LOPEZ, | ) | UNITED STATES' STATEMENT OF |
| | ) | FACTS AND MEMORANDUM OF |
| Defendant(s). | ) | POINTS AND AUTHORITIES |
| | ) | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Aureliano Zapata-Lopez (hereinafter "Defendant"), was charged by a grand jury on February 6, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), deported alien found in the United States. Defendant was arraigned on the Indictment on February 7, 2006, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on January 7, 2008, by a Border Patrol Agent ("BPA") in an area nicknamed "Whiskey 3 1/2" located approximately one mile west of the San Ysidro, California port of entry and twenty yards north of the international border. There, at approximately

1  2:20 a.m. that day, a BPA responded to a report of a group of individuals climbing the primary
2  international boundary fence. Upon arrival, the BPA observed a group of three individuals lying
3  against the fence. The BPA approached the group, identified himself, and individually questioned
4  the three individuals, one of which was Defendant, concerning their citizenship. There, Defendant
5  admitted that he was a citizen of Mexico with no documents entitling him to enter or remain in the
6  United States.

7  Defendant was transported to the Brown Field Border Patrol Station's processing center.
8  At the center, BPAs used Defendant's fingerprints to perform a computerized check of Defendant's
9  criminal and immigration history.

10  **B.   <u>DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY</u>**

11  Preliminary criminal history reports show that Defendant has felony convictions in
12  California. Defendant was convicted in 1999 in San Jose of Sexual Battery, in violation of Cal.
13  PC § 243.4(D); he was sentenced to 180 days' incarceration. Defendant was convicted later in
14  1999 in San Jose of Assault with a Deadly Weapon, in violation of Cal. PC § 245(A)(1); he was
15  initially sentenced to 245 days' incarceration, and later sentenced to two years' incarceration on
16  a probation violation. Defendant was convicted in 2000 in Santa Clara of Battery, in violation of
17  Cal. PC §§ 242 and 243; he was sentenced to two years of probation. He was convicted in 2002
18  in Sunnyvale of Infliction of Corporal Injury on a Spouse, in violation of Cal. PC § 273.5(A); he
19  was sentenced to 6 months' imprisonment. Finally, in 2004, Defendant was convicted in San Jose
20  of Assault to Commit Rape, in violation of Cal. PC § 220; he was sentenced to four years'
21  imprisonment.

22  Defendant was last removed to Mexico on January 3, 2008.

23  //
24  //
25  //
26  //
27
28                                                    4                              08CR0297-BTM

### III

### RESPONSE TO DEFENDANT'S ADDITIONAL MOTIONS

**A.  THE INDICTMENT NEED NOT ALLEGE INSPECTION AND ADMISSION OR EVASION OF INSPECTION**

The Ninth Circuit has rejected Defendant's argument that the Court should dismiss the indictment for failure to charge all of the necessary components of an entry, e.g., either (1) inspection and admission by an immigration officer, or (2) actual and intentional evasion of inspection at the inspection point nearest to where he was apprehended. United States v. Rivera-Sillas, 417 F.3d 1014, 1019-20 ("The Government need not plead and prove entry in order to charge or convict an alien with a § 1326 'found in' crime."). See also United States v. Parga-Rosas, 238 F.3d 1209, 1213 (9th Cir. 2001) ("[W]e have never suggested that the crime of "entry" must be charged in order to charge the crime of being "found in.").

Defendant's motion to dismiss the indictment for failure to allege the components of an entry should be denied.

**B.  THE INDICTMENT NEED NOT ALLEGE THREE COMPONENTS OF ENTRY**

The Ninth Circuit has considered and rejected Defendant's exact claim in Rivera-Sillas, 417 F.3d at 1018 (explaining that the "found in" clause of § 1326 "does not require the indictment to specifically state that the defendant alien entered the United States."). In that case, the Ninth Circuit specifically held that the Government need not allege the Defendant voluntarily entered the United States in a "found in" indictment. Id. at 1018-19. Rivera-Sillas reaffirms prior Ninth Circuit holdings on this issue. United States v. Rodriguez-Rodriguez, 364 F.3d 1142, 1145 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209 (9th Cir. 2001)). In Rodriguez-Rodriguez, the Ninth Circuit reaffirmed that the Government need not allege a voluntary entry for a "found in" indictment under §1326. Id. In doing so, the Court directly rejected Defendant's claim that Parga-Rosas had been implicitly overruled by the Ninth Circuit's decision in United States v. Buckland, 289 F.3d 558 (9th Cir.2002) (en banc). Rodriguez-Rodriguez, 364 F.3d at

1146 ("Buckland in no way overrules Parga-Rosas.") Thus, under Parga-Rosas, Rodriguez-Rodriguez, and Rivera-Sillas, the indictment in this case sufficiently states the elements of the offense. Defendant's motion to dismiss the indictment should be denied.

### C.   THE INDICTMENT NEED NOT ALLEGE MENS REA

Defendant contends that the Court should dismiss the indictment for failure to charge the required mens rea element that Defendant knew he was in the United States. This argument has also been rejected by the Ninth Circuit in Rivera-Sillas.

A "found in" offense under 8 U.S.C. § 1326 is a general intent crime. Rivera-Sillas, 417 F.3d at 1020. An indictment that alleges that the defendant is "a deported alien subsequently found in the United States without permission suffices [to allege general intent].'" Id. (citations omitted).

Defendant's motion to dismiss should be denied.

### D.   THE GRAND JURY INSTRUCTIONS WERE NOT FAULTY, AND THE INDICTMENT SHOULD NOT BE DISMISSED, AND DISCLOSURE OF THE GRAND JURY TRANSCRIPT SHOULD NOT BE ORDERED

Defendant moves to dismiss the indictment against him for alleged errors in the instructions given to the indicting grand jury during its impanelment by the Honorable Larry A. Burns on January 10, 2007, and requests production of the transcript of said impanelment. The United States explicitly incorporates by reference its extensive briefing on this issue submitted in United States v. Martinez-Covarrubias, 07CR0491-BTM, United States v. Renovato, 07CR3413-BEN, and United States v. Barron-Galvan, 07CR3469-H. These related motions have been denied by each and every court in this district that has considered them, including this Court, and should also be denied in this case. The United States would be happy to supplement its response and opposition to these motions at the Court's request.

### E.   NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are

6                                                08CR0297-BTM

based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that Defendant's motions, except where not opposed, be denied.

DATED: May 23, 2008.

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney

    s/ William A. Hall, Jr.
    WILLIAM A. HALL, JR.
    Assistant United States Attorney